PETER G. THOMSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20948.   Promulgated August 22, 1929.

*Briggs G. Simpich, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

## OPINION.

MURDOCK: The petitioner would have us hold that the Commissioner erred in disallowing a deduction of $24,924.69 which the petitioner contends represented a debt which he ascertained to be

worthless and charged off during the taxable year 1923. There is no evidence in the record that the petitioner charged off this amount in the year 1923. It appears that the loans and certain credits were entered in his books, yet the books have not been offered in evidence to show the charge-off, neither has anyone testified that the books contained any charge-off. Furthermore, we are not satisfied from the evidence that the petitioner ascertained the debt to be worthless in the year 1923. The only thing which happened in the year 1923 was that in December of that year the petitioner consulted an attorney, and in turn his attorney consulted a man who had just been appointed administrator of the Matthews' estate, the previous administrator having died early in the year 1923. The administrator, as a witness, testified that he was appointed administrator on December 6, 1923, at about which time an attorney for the petitioner called him on the telephone and told him either that he had mailed a proof of claim for the petitioner or was about to do so, and asked the administrator what was left in the estate and what was the prospect of receiving anything on the claim, to which the administrator replied that there was very little in the estate except the possibility of realizing on a claim then in suit in the south, the amount to be realized on that claim being doubtful in amount. Subsequently, the administrator received $1,398.19 on this claim, which he added to $755.21, which was the balance in the bank account of the previous administrator. Small amounts of this money were used to pay costs and the balance was paid to Matthews' widow and the estate closed.

We do not think it is necessary to discuss other features of this case which adversely affect the petitioner's contention.

*Judgment will be entered for the respondent.*